## DUNBAR v DE GROFF.

(Sitka. October 26, 1888.)

No 138.

1. DEPOSITIONS—WITNESSES.

Under the organic act of May 17, 1884 (23 Stat 24, c. 53), the depositions of witnesses residing outside of the District of Alaska can only be taken in strict compliance with sections 806–808 of the General Laws of Oregon, providing for notice to the opposite party, and the filing of interrogatories and cross-interrogatories, and the issuance of a commission to some officer to examine the witnesses, and reduce their answers to writing, and certify the same to the clerk of the District Court of Alaska.

Petition to Take Depositions.    Denied.

A. H. Gamel and J. F. Maloney, for plaintiff.
Arthur K. Delaney, for defendant.

KEATLEY, District Judge.    This is an application by one of the parties, by petition in open court, for an order for leave to take the deposition, out of the District of Alaska, of certain witnesses, whose testimony is alleged to be material to the party presenting the petitions.    Two other motions of

a similar character were filed at the same time, and will be disposed of in the same way.

The General Laws of Oregon of 1843–1872 are, in part, applicable to the taking of such depositions. Section 806 provides that depositions may be taken out of the state—i. e., out of this district—either on commission or without any such commission, if taken before a duly appointed United States commissioner, residing out of this state, within appropriate distances from him.

When depositions are to be taken on commission outside of the District of Alaska, sections 807 and 808 provide how the commission may issue, and I will briefly point out the steps necessary to take such deposition:

(1) The party desiring to take it must serve on the adverse party, or his attorney of record, if there be one, a written notice and a copy thereof, of his intention, at a date certain, to issue such commission from the office of the clerk of this court, with a copy of the questions or interrogatories which he proposes to propound to the witnesses named in the notice and the interrogatories; and, if the notice and the interrogatories are served by an officer, a proper return of such service must be made in the ordinary way by him by indorsement on such original notice; and, if served by the party himself, or by his attorney, such service must be shown on said notice by affidavit, and must, with the said notice and original interrogatories, be filed in the office of the clerk of this court before the commission shall issue:

(2) That any time after the service of said notice of suing out said commission, and before the close of the day named in said notice fixing the date of suing out the same, the adverse party may file cross-interrogatories with the clerk of this court, without being required to serve a copy of said cross-interrogatories on the other party.

(3) On or before the day fixed in the notice of the time of

suing out said commission, the party proposing to take said deposition may file his notice and original interrogatories, together with the proof of service of the same on the adverse party, with the clerk of the court; whereafter said clerk shall issue a commission, with said notice and interrogatories and cross-interrogatories, if any are filed, attached to such commission, and directed to any judge, justice of the peace, notary public, or clerk of the court selected by him, and most convenient for the taking of such deposition, directing said judge or other officer so appointed to summon such witnesses to appear before him for that purpose, and to examine them under oath upon the annexed interrogatories and cross-interrogatories, if any are filed, and to reduce his examination to writing, and cause the same to be signed in his presence by said witnesses. When the deposition is so taken, it must be sealed up, and transmitted to the clerk of this court, according to the provisions of section 809.

(4) If the adverse party either fail or neglect to file cross-interrogatories before the close of business hours on the day named in the notice for suing out said commission, such failure or neglect to file such cross-interrogatories shall not delay the issuance of such commission, unless the party suing out such commission shall consent, in writing, to be attached to such commission; that further time, definitely fixed, be given to file such cross-interrogatories. The adverse party, under the statute, has no right to cross-examine the witness in any other way than in writing, filed with the clerk of the court before the commission is issued by him.

(5) When depositions are taken, either in the district or out of it, on commission, neither party nor his attorney nor agent has a right, under the statute, to be present when such deposition is taken or any witness examined thereunder; and if any party, or his attorney or agent in the cause, be present during such examination, except with the written consent of

both parties, the official taking the deposition should certify whether or not any such party, or his attorney or agent, was present, naming each one. When witnesses are examined under such circumstances, and without consent to the presence of such persons or parties, it is a good ground for suppressing the deposition at the cost of the party at fault.

I have only considered the question of taking depositions out of the district on commission, as there can be no ambiguity in sections 811 and 812, providing for the taking of depositions out of the district on notice simply.

The petitions presented are not in sufficient form, and do not comply with the statute to the extent that would authorize their being filed with the clerk of this court as a foundation for the taking of depositions either by commission or on notice. For that reason the petitions are dismissed without prejudice.